The opinion of the court was delivered by
Duncan, J.
The defendants came into possession, and claimed title under Thomas Gallagher, the husband of Lydia. The plaintiff showed title in Joseph Cookson. The first and second bills of exceptions are to the rejection of the deed from Joseph Cookson to Thomas Gallagher. That deed being an ancient deed, 22d of January, 17S2, and possession having accompanied, and being in fact held under it, it proved itself. This conveyance was recorded on the acknowledgment before Church Cox, The objection to the acknowledgment was, that it did not state Church Cox to be a justice of the peace in the county where the land lay. This, to be sure, is very informal, but does not vitiate the acknowledgment, and evidence being offered, that Church Cox was an acting justice of the peace at the time of the acknowledgment, in that county, it obviated any difficulty as to his authority; and, acting as a justice of the peace in the county in which the land lay, in the very county in which the cause was trying, the notoriety of his acting as a justice of the peace, sitting in the Court of Quarter Sessions, &c. would be sufficient evidence in a case of that kind, evidence that the court received of the preceding deed, from Smith, the patentee, to Cookson. It would be dangerous to hesitate in the opinion, that the omission to state the authority in the acknowledgment, did not render it void, as this inaccuracy prevailed very generally with justices in that county; for if the acknowledgment was void, then all deeds thus acknowledged by femes covert, would be void; and the registering of all instruments, so acknowledged, would be a nullity. The deed ought to have been admitted.
The third bill of exceptions is, to the rejection of a deed for the premises, from Thomas Gallagher, and Lydia, his wife, to Bun-can MlCormick. The wife was a defendant, the estate the husband’s; the conveyance without joining the wife, would have vested the title in Cormick, subject to the wife’s right of dower, which *350 is but an excrescence out of the estate. Evidence of the handwriting of the subscribing witness, Mr. M‘Coy, was given, and that the name of Thomas Gallagher, was of his handwriting. This was the best evidence the nature of the thing was capable of; it was a prima facie case, to let the deed go in evidence to the jury. It was not competent to the defendants to take this from the jury, by the introduction of the evidence to the court, to impeach its authority, after it had been read in evidence. The defendants could have given evidence to the jury for that purpose, who were alone the judges, to try, whether it was the deed of the grantors, or not. In very ancient times, Lord Coke observes, judges did judge upon the view, deeds to be void if erased or interlined in material points or places; but of late times, the judges have left it to be tried at the bar by the jury. Co Lilt. 225, b. But here there was legal evidence of the execution of the deed, and the court could not assume the province of interrupting the plaintiff in conducting his trial — receive witnesses of the defendant — withdraw the fact from the jury, and decide it themselves. This they undertook to do here. But admit that Lydia Gallagher did not sign the deed, her signature was not necessary to transfer the title ; and this, even if a false signature, did not divest the property out of the grantee. In executory contracts, provable by written instruments, the remedy is sometimes lost, by the loss of the evidence; and bonds and notes altered by the obligee or payee, are no longer proof of an obligation or promise, which, when given by the party charged, was expressed in other words than the instrument adduced against him. But this has not the same operation, where the title to real estate is in question. The cancelling a deed will not divest property which has once vested, by a transmutation of possession. A man’s title to his estate is not destroyed by the destruction of his deed. 10 Co. 92. Halate and others v. Halate, 9 Mass. Rep. 39. And here, in addition to the proof of the handwriting of the subscribing witness who was dead, Lydia Gallagher had acknowledged, that they had sold the land to Duncan M Cor miele, and got some instrument of writing to secure the purchase money, but that it had not been paid. This deed was likewise well proved to go to the jury, and to vest Gallagher’s title in the plaintiff.
Judgment reversed, and a venire facias de novo awarded.